# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**YALE LARRY BALCAR**                                                           **PETITIONER**

**v.**                       **CIVIL ACTION NO. 3:17CV-P24-JHM**

**KENTUCKY STATE REFORMATORY**                           **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Yale Larry Balcar filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Balcar to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Balcar responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss t

he petition as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the petition, Balcar was convicted in "Dec. 2013" of "Bad Checks over 10,000.00" and sentenced to "10 years - PFO - 2[.]" The petition indicates that he pleaded guilty and that he did not file an appeal from the judgment of conviction. It further shows that Balcar did not file any post-conviction motion in state court challenging his conviction. Balcar filed the instant petition for writ of habeas corpus in this Court on January 10, 2017.[1]

## II. ANALYSIS

Because Balcar's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Balcar did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Assuming for the purposes of this preliminary screening that Balcar was convicted on December 31, 2013, his conviction became final on January 30, 2014, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04. Thus, Balcar had until January 30, 2015, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408

(6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)). Balcar did not file the instant habeas petition until January 10, 2017, almost two years after the statute of limitations expired, nor did he have any time-tolling collateral action pending in state court during that time period.

A review of the Court's records reveals that Balcar filed a previous habeas corpus action under 28 U.S.C. § 2241 challenging the same 2013 conviction which he challenges here. Balcar filed that petition on September 30, 2016. The Court dismissed the § 2241 action without prejudice on the basis that Balcar should have sought habeas relief under § 2254. However, even if the Court were to calculate the statute of limitations based on the filing of Balcar's § 2241 action, that action was still filed more than a year and a half after the statute of limitations expired.

In any event, Balcar's habeas corpus action was filed after the expiration of the statute of limitations and appears to be time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003)

3

(citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

In response to the Show Cause Order, Balcar contends that he has been pursuing his rights diligently through the Jefferson County Circuit Court, the "Jefferson County DPA Office[,]" and Laurel County. He also argues that extraordinary circumstances stood in his way "because he has no money for a Attorney and because he was a prisoner no lawyer would help him in filing a appeal or any legal work to prevented timely filing." Balcar also maintains that he "was in segregated housing in 2014, 2015 and part of 2016, and was inability to file timely and could not get the law books or legal aid."

However, Balcar fails to meet his burden of demonstrating that he is entitled to the extraordinary remedy of equitable tolling. Whether or not he can establish that he was pursuing his rights diligently, Balcar fails to demonstrate that extraordinary circumstances prevented him from timely filing his habeas petition. His poverty, inability to obtain an attorney, and inability to receive law books or legal aid in segregated housing are not unique to inmates pursuing habeas relief and do not constitute extraordinary circumstances justifying the application of equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *Nhan Hoang Le v. Harrington*, No. SACV

10-1825-ODW (MAN), 2011 U.S. Dist. LEXIS 97360, at *20-21 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their pervasiveness, would create the potential for endless tolling . . . .").

For these reasons, the Court concludes that Balcar is not entitled to equitable tolling and that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Balcar appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal

5

is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: September 22, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner Balcar, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.010